**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MATTHEW GLYNN ARLEN HAYES     *
                              *
         Petitioner            *
                              *
vs.                                *
                              *       NO: 4:03CR00251-1  SWW
UNITED STATES OF AMERICA       *       NO: 4:05CV01884     SWW
                              *
         Respondent        *
                              *
                              *
                              *

**<u>ORDER</u>**

Petitioner Matthew Glynn Arlen Hayes, an inmate at the Federal Correctional Institute in Oakdale, Louisiana, seeks to vacate or correct his sentence pursuant to 28 U.S.C. § 2255. Respondent asserts that the petition should be denied in its entirety.   After careful consideration, and for the reasons stated below, the motion will be granted.

Defendant Hayes pleaded guilty to conspiracy to manufacture, possess with intent to distribute, and distribute more than 5 grams of methamphetamine in violation of 21 U.S.C. § 846.  As part of his plea agreement, he agreed to be sentenced according to the sentencing guideline enhancement for importation of chemicals under U.S.S.G. § 2D1.1(b)(4), but he reserved for argument whether he should receive a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a fire arm in drug trafficking, and a six-level enhancement under U.S.S.G. §2D1.1(b)(5)(C)(ii) for endangering the life of a minor.

1

On October 20, 2004, the Court conducted a sentencing hearing and received evidence regarding application of the enhancements under U.S.S.G. §§ 2D1.1(b)(1) and 2D1.1(b)(5)(C)(ii).   *See* docket entry #218 (Transcript of October 20, 2004 Sentencing Hearing). After hearing the evidence, the Court found that the Government had established, by a preponderance of the evidence, facts supporting application of the enhancements under U.S.S.G. §§ 2D1.1(b)(1) and 2D1.1(b)(5)(C)(ii).  Defendant Hayes objected that, under *Blakely v. Washington,* 124 S. Ct. 2531 (2004), application of the enhancements violated his Sixth Amendment right to trial by jury.

Over Defendant Hayes' objection, the Court applied the enhancements and sentenced him to 235 months imprisonment.   The Court advised Defendant Hayes that the Court imposed a sentence of 235 months under the assumption that the United States Sentencing Guidelines were constitutional.    However, in light of the Supreme Court's grant of certiorari in *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004) , *cert. granted*, 125 S. Ct. 11 (U.S. Aug. 2, 2004) (No. 04-104),  the  Court provided two alternative sentences.  Specifically, the Court stated that if the Guidelines were unconstitutional in their entirety, it would impose a 96 month sentence, and, if the Guidelines were unconstitutional only to the extent that they  required application of enhancements based on judge-made findings, it would impose a 97 month sentence.   *See* docket entry #218, at 46-49.

After advising Hayes about the alternative sentences, the Court stated:  "So those are my sentences.  And that means, of course, that you, of course, have a right to appeal."  *Id*. at 49. The Court further advised Defendant of his right to an attorney on appeal and his right to proceed on appeal *in forma* pauperis and that upon his request, the Clerk of the Court would

prepare and file a notice of appeal on his behalf.  *Id*. at 51.   After sentencing, the Court entered an order

setting forth the 235 month sentence imposed, as well as the  aforementioned alternative

sentences.  Docket entry #188.

Hayes did not appeal his sentence, entered October 20, 2004.  On January 12, 2005, the

Supreme Court handed down its opinion in *United States v. Booker*, 125 S. Ct. 738 (2005).[1]

When a Supreme Court decision results in a new rule of criminal procedure, that rule applies to

all criminal cases still pending on direct review.  Accordingly, if Hayes had timely appealed his

sentence, and assuming that the appeal was still pending on January 12, 2005, the Eighth Circuit

would have considered Hayes' *Blakley* argument in light of the new rule announced *Booker*.

On April 8, 2005, Defendant Hayes filed a motion "to enforce the Court's sentencing

order" and for sentence modification.  In support of his motion, Defendant Hayes argued that in

light of *Booker*, the Court's second alternative sentence should come into effect.  Alternatively,

Hayes argued that the Court had the authority to modify his sentence pursuant to 18 U.S.C.

§ 3582(c)(2), which permits a district court to reduce a term of imprisonment if the sentencing

range upon which the term was based is subsequently lowered by the Sentencing Commission.

The Court denied Hayes' motion, finding that the alternative sentence is not automatic or

self-executing.  In the order denying Hayes' motion, the Court explained that the alternative

---

[1]In *Booker*, the Supreme Court held that provisions of the United States Sentencing Guidelines violate the Sixth Amendment by requiring a  judge to impose a sentence based on the judge's findings of fact, not facts found by a jury or admitted by the defendant.  *Booker*, 125 S. Ct. at 749.  The *Booker* Court further held that the constitutional portions of the guidelines could not be saved by severing them from those that violate the Sixth Amendment.  *Booker*, 125 S. Ct. 757, 767.  The Court declared the guidelines to be "effectively advisory" but stated that district courts must consult the Guidelines and take them into account when sentencing.  *Id.*

sentence "merely eliminates the need for a new sentencing hearing in the event that the sentence actually imposed is overturned on appeal for violating Defendant Hayes' Sixth Amendment right to trial by jury." Docket entry #224, at 3. Further, the Court found no authority under 18 U.S.C. § 3582(c)(2) to modify Hayes' sentence. The Court stated that even if the rule in *Booker* could be construed as a *de facto* modification of the applicable sentencing range, this Court has no authority to apply *Booker* retroactively. *See Never Misses A Shot v. United States,* 413 F.3d 781 (8th Cir.2005).

On June 20, 2005, Hayes appealed this Court's order denying his motion to enforce the sentencing order, *see* docket entry #226. Hayes' appeal is currently pending.

On October 18, 2005, Hayes filed the present motion to vacate, set aside, or correct his sentence under § 2255 on the ground that he was deprived of his right to appellate review because of ineffective assistance of counsel. Attorney Dale West represented Hayes from February 2004 through sentencing.

To establish ineffective assistance of counsel, a defendant must show "(1) that counsel's representation 'fell below an objective standard of reasonableness,' and (2) that counsel's deficient performance prejudiced the defendant." *Roe v. Flores-Ortega* , 120 S. Ct. 1029, 1034 (2000)(citing *Strickland v. Washington,* 104 S. Ct. 2052, 2064-65 (1984)). The Supreme Court has long held that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id*. at 1035(citing *Rodriquez v. United States,* 89 S. Ct. 1715 (1969)). And, "when counsel fails to file a requested appeal, a defendant is entitled to a new appeal without showing that his appeal would likely have had merit." *Peguero v. U.S.,* 526 U.S. 23, 28 (1999)(citing *Rodriquez v. United States*, 395 U.S.

4

327, 329-30 (1969)).[2]

In support of his ineffective assistance of counsel claim, Hayes submits his affidavit,

which states in part as follows:

> After the sentencing hearing on October 20, the Federal Marshals gave me about five
> minutes to speak with my mother.  My attorney, Dale West, was also there for part
> of my conversation with my mother and me.  Shirley Powell, a family friend, and my
> girlfriend Andrea Chaffin were also present at this conversation.  We asked Mr. West
> about filing an appeal, and told him that we wanted to.  Mr. West said that there was
> no need to file an appeal and that if the Guidelines were overturned, which he
> thought they would be, my sentence would be reduced.  Mr. West's specific words
> were, "Don't worry about it, you are going to get the 96 months."  Mr. West told me
> that he would return later in the day to see me and explain what happened with the
> sentence."  I was taken to the holding room . . . and then taken to the Pulaski County
> Jail until the next morning.  Mr. West did not come to see me at either place, and I
> had no further communication with him."

Docket entry #238, App. 11.

The United States offers no evidence to contradict Hayes' contention that he advised

West that he wanted to appeal his sentence and that West disregarded his request.[3]   Accordingly,

---

[2]The United States argues that Hayes cannot demonstrate prejudice based on West's
failure to file a notice of appeal because he cannot show that he would have been successful on
appeal.  However, if Hayes establishes that West failed to file a requested appeal, he need not
show prejudice or the likelihood of success on appeal.  *See Kurkowski v. U.S.*, 221 F.3d 1342,
2000 WL 872982, *1  (8th Cir. 2000)("We do not require a showing of prejudice or the
likelihood of success on appeal when the issue is whether counsel deprived the movant of his
right to a direct appeal.").

[3]According to Hayes' affidavit, West also misinformed him that the Court's alternative
sentences were self-executing.  Given the confusion and uncertainty surrounding guideline
sentencing that existed after the decision in *Blakely v. Washington,* 125 S. Ct. 21 (2004), and
before *United States v. Booker,* 125 S. Ct. 738 (2005), West's misapprehension regarding the
alternative sentences was understandable.

the Court finds that the record shows, conclusively, that Hayes requested that West file a notice of appeal.  Furthermore, the Court finds that  West's failure to file a notice of appeal was professionally unreasonable and that Hayes is entitled to a new appeal without showing that his appeal would likely have merit.   The Court will follow the procedure prescribed by the Eighth Circuit when a defendant has been unconstitutionally deprived of appellate review because of ineffective assistance of counsel.  *See U.S. v. Beers*, 76 F.3d 204, 206 (8th Cir. 1996)(procedure is to vacate sentence, with the time for appeal commencing from the date of resentencing).

IT IS THEREFORE ORDERED that Defendant's motion to vacate or correct his sentence pursuant to 28 U.S.C. § 2255 is GRANTED.  The sentence entered October 20, 2004 is hereby VACATED.   The Court will schedule a hearing for re-sentencing, in light of *United States v. Booker*, 125 S. Ct. 738 (2005), and a new judgment and commitment will be entered**.**

IT IS SO ORDERED THIS 20th DAY OF APRIL, 2006.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE